IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY BROWN-EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Act. No.: 2:20-cv-876-RAH |
| ) | [WO] |
| STEVEN T. MARSHALL, ) | |
| in his official capacity as the ) | |
| Attorney General of the State of ) | |
| Alabama, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *Motion for Partial Judgment on the Pleadings* (Motion) (Doc. 34) filed by Defendants Clay Crenshaw, Gerald Shockley, and Bruce Lieberman (the Crenshaw Defendants), all of whom have been sued in their official capacities for alleged violations of Title VII, 42 U.S.C.§ 2000e *et seq.* in connection with Plaintiff Tracey Brown-Edwards's employment as a special agent with the Office of the Attorney General, State of Alabama. (Doc. 1 at 4–5.) No claim is being made against them in their individual capacities, nor is any claim made against them outside of Title VII.[1] Also sued is Steven T. Marshall, in his official capacity as the

---

[1] Counts I, II and III are described as counts being asserted under Title VII. Count IV is a count brought under the Equal Pay Act against the Attorney General only. (*See* Doc. 52 at 2.) Counts V and VI are not identified as Title VII counts but do advance claims for discriminatory retaliation and a hostile work environment, both of which exist only under Title VII.

1

Attorney General of the State of Alabama (Attorney General).

## STANDARD OF REVIEW

The Court reviews a motion for judgment on the pleadings under "the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc*., 910 F.3d 1345, 1350 (11th Cir. 2018). The Court "must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." *Mejia v. Ocwen Loan Servicing, LLC*, 703 F. App'x 860, 862 (11th Cir. 2017). And the Court must dismiss the complaint "[i]f it is clear from the pleadings that the plaintiff is not entitled to relief under any set of facts consistent with the complaint." *King v. Akima Global Servs., LLC*, 775 F. App'x 617, 620 (11th Cir. 2019).

## DISCUSSION

In their Motion, the Crenshaw Defendants argue that "they are not proper parties to a Title VII or Equal Pay Act lawsuit" since the Plaintiff is also suing her employer, the Attorney General, and therefore they should be dismissed as defendants. (Doc. 34 at 1.) The Plaintiff opposes the Motion, arguing that "they all are in her supervisory chain of command," that "each of them, including Defendant General Marshall, personally participated in the injuries she alleges," and that her employer is the State of Alabama (or the Office of the Attorney General), not the Attorney General. (Doc. 52 at 2.) The Court finds these arguments unpersuasive and

concludes that, based on Alabama law and the Attorney General's own admissions that the Attorney General is the Plaintiff's employer, the Crenshaw Defendants may be dismissed from the case as unnecessary redundancies.

In the Eleventh Circuit, Title VII relief "is available against only the employer and not against individual employees whose actions would constitute a violation of the Act . . . ." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (citing *Hinson v. Clinch Cty. Bd. Of Educ.*, 231 F.3d 821, 821 (11th Cir. 2000)). In other words, the Eleventh Circuit has determined that "[i]ndividual capacity suits under Title VII are . . . inappropriate." *Busby v. City of Orlando* 931 F.2d 764, 772 (11th Cir. 1991); *see also Braden v. Piggly Wiggly*, 4 F. Supp. 2d 1357, 1364 (M.D. Ala. 1998) ("Title VII does not impose individual liability but only holds the employer accountable for the acts of its individual agents."). And further, "discriminatory personnel actions taken by an employer's agent only create liability for the employer-entity, and not for the agents themselves." *Gibson v. Hickman*, 2 F. Supp. 2d 1481, 1482 (M.D. Ga. 1998) (citing *Busby*, 931 F.2d at 772)); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (finding no individual responsibility under Title VII); *Cross v. State of Ala., State of Dep't of Mental Health & Mental Retardation,* 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding after the 1991 amendments to Title VII and holding liability under Title VII is limited to official-capacity actions); *Prescott v. Indep. Life & Acc. Ins. Co.*, 878 F. Supp. 1545, 1552 (M.D. Ala. 1995)

("[A] suit under Title VII brought against an employee as agent of the employer is regarded as a suit against the employer itself.") (citing *Busby*, 931 F.2d at 772).

While a plaintiff may not bring a Title VII suit against an individual in his individual capacity, a plaintiff may bring a Title VII suit against an individual in his *official* capacity because "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby v. City of Orlando* 931 F.2d 764 (11th Cir. 1991)

"However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action." *Wheeles v. Nelsons Elec. Motor Servs.*, 559 F.Supp.2d 1260, 1267 (M.D. Ala. 2008); *see also Davis v. Infinity Ins. Co.*, No. 2:15-CV-01111-JHE, 2016 WL 4507122, at *18 (N.D. Ala. Aug. 29, 2016) (noting that, where an employer already is a named defendant, claims against a supervisory employee in her official capacity are "redundant" and "would be futile").

Here, the Plaintiff has sued her employer, the Attorney General. While the Plaintiff contends that the Attorney General is not her employer, the Court finds that this argument lacks support. In pleadings with this Court, the Attorney General acknowledges that he is the Plaintiff's employer and is therefore a proper party to

sue for violations of Title VII.² (*See* Doc. 34 at 1 (stating, "Attorney General Steven T. Marshall, the fourth defendant in this case, in his official capacity is the Plaintiff's employer.").) Additionally, Alabama law confirms that the Attorney General is the Plaintiff's employer. *See* ALA. CODE § 36-15-6 (1975) (granting the Alabama Attorney General the power to employ and appoint assistant attorney generals and investigators). As such, the Plaintiff can obtain the relief she seeks from the Attorney General for violations of Title VII and the Equal Pay Act by that office, and therefore the same claims against the Crenshaw Defendants are clearly redundant and unnecessary and due to be dismissed.

## CONCLUSION

Accordingly, it is ORDERED that:

1. The *Motion for Partial Judgment on the Pleadings* (Doc. 34) filed by Defendants Clay Crenshaw, Gerald Shockley and Bruce Lieberman is GRANTED.

2. Defendants Clay Crenshaw, Gerald Shockley and Bruce Lieberman are terminated as parties in this case.

3. The Plaintiff's Title VII and Equal Pay Act claims will proceed against

---

² This representation is made in a pleading signed by counsel from the Office of the Attorney General and the Alabama State Personnel Department in their roles as legal counsel for Steven T. Marshall, Alabama Attorney General. This Court relies upon this representation because of counsels' status as officers of the Court and deputy attorneys general for the State of Alabama. If, at a later date, the Attorney General asserts a contrary position or asserts that Plaintiff cannot obtain complete relief under Title VII and the Equal Pay Act against the Attorney General in this case, the Court will permit the Plaintiff to add one or more of the Crenshaw Defendants back into this case as defendants.

Defendant Steven T. Marshall, in his official capacity, as the Plaintiff's employer.

DONE, on this the 31st day of January 2022.

>   /s/ R. Austin Huffaker, Jr.
>   R. AUSTIN HUFFAKER, JR.
>   UNITED STATES DISTRICT JUDGE